# Appendix 2

# SETTLEMENT AGREEMENT

## Parties

This Agreement is entered by and between the United States of America, acting through the United States Department of Justice, and Amy Cook-Reska ("the Relator"). As a preamble to this Agreement, the United States and the Relator state:

## Preamble

WHEREAS, a complaint has been filed by the Relator, on behalf of the United States, in the U.S. District Court for the Southern District of Texas pursuant to 31 U.S.C. § 3730, Civil Action No. 4:09-cv01565 ("the Complaint");

WHEREAS, the United States and the defendant named in the Complaint, Community Health Systems, Inc. (CHS), entered into a Settlement Agreement in or about [date] ("CHS Settlement Agreement") resolving, among other matters, the allegations in the Complaint;

WHEREAS, under the terms of the CHS Settlement Agreement, CHS has agreed to pay the United States $97,257,500;

WHEREAS, the United States and the Relator mutually desire to make a full, complete, and final settlement of Relator's share of the CHS Settlement proceeds pursuant to 31 U.S.C. § 3730(d)(1).

ACCORDINGLY, in reliance upon the representations contained herein and in consideration of the mutual promises, covenants and obligations in this Agreement and the resolution of the claims set forth below, and for good and valuable consideration, receipt of which is by each acknowledged, the United States and the Relator agree as follows:

1

## Terms and Conditions

1. The United States agrees that Relator shall be awarded $2,141,184.04 plus interest on that amount at a rate of 2.25% from May 11, 2014, representing a share of that portion of the $97,257,500 settlement amount agreed upon by CHS and the United States attributable to Relator's Complaint, including the allegations of improper inpatient procedures, Stark law violations, and improper admissions through the Emergency Department at Laredo Medical Center. The United States will make this payment within a reasonable time after the United States' receipt of the $97,257,500 from CHS. The obligation to make this payment to the Relator is expressly conditioned on the receipt by the United States of the payment by CHS under the CHS Settlement Agreement. Should CHS fail to make any payment required by that Agreement, the United States shall have no obligation to make a payment to the Relator.

2. Relator agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement pursuant to 31 U.S.C. § 3730(c)(2)(B), and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B).

3. Conditioned upon Relator's receipt of the payment described in Paragraph 1, Relator and her heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

2

4. Specifically excluded and reserved from those claims released under Paragraph 3 above is any dispute, claim, or defense which may arise between the Relator and CHS regarding attorneys' fees or claims of the Relator under 31 U.S.C. § 3730(d)(1).

5. The United States and the Relator agree that, if the Settlement Agreement between the United States and CHS is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), or if the Complaint is not dismissed with prejudice, this Settlement Agreement is null and void.

6. This Agreement, together with all of the obligations and terms hereof, shall inure to the benefit of and shall bind assigns, successors-in-interest, or transferees of the United States and the Relator.

7. Each of the signatories to this Agreement represents that he or she has the full power and authority to enter into this Agreement.

8. This writing constitutes the entire agreement of the United States and the Relator with respect to the subject matter of this Agreement and may not be modified, amended or terminated except by a written agreement signed by the United States and Relator specifically referring to this Agreement.

9. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

10. This Agreement is effective on the date of signature of the last signatory to the Agreement.

11. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

In Witness Whereof, the parties, through their duly authorized representatives, hereunder set their hands.

**ON BEHALF OF THE UNITED STATES OF AMERICA**

DATED: _____  By: _____
MELISSA HANDRIGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice

DATED: _____  KENNETH MAGIDSON
United States Attorney
Southern District of Texas

By: _____
ANDREW BOBB
Assistant United States Attorney
Southern District of Texas

**ON BEHALF OF THE RELATOR**

Dated: 08/22/2014  *[signature]*
Amy Cook-Reska

Dated: 8/22/2014  *[signature]*
Counsel for Amy Cook-Reska

4

In Witness Whereof, the parties, through their duly authorized representatives, hereunder set their hands.

### ON BEHALF OF THE UNITED STATES OF AMERICA

DATED: 9/9/14    By: _____
MELISSA HANDRIGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice


DATED: 9-4-14    KENNETH MAGIDSON
United States Attorney
Southern District of Texas

By: _____
ANDREW BOBB
Assistant United States Attorney
Southern District of Texas


### ON BEHALF OF THE RELATOR

Dated: 08/22/2014    _____
Amy Cook-Reska

Dated: 8/22/2014    _____
Counsel for Amy Cook-Reska

4